UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIA AGAR,

      Plaintiff,

vs.                                      CASE NO.:

TARGET CORPORATION, a Foreign
Corporation,

      Defendant.
_____/

**DEFENDANT, TARGET CORPORATION'S, NOTICE OF REMOVAL**

To:    The Judges of the United States District Court
        for the Middle District of Florida
        Orlando Division
        U.S. Courthouse
        401 West Central Boulevard
        Suite 1200
        Orlando, Florida 32801-0120

Pursuant to the provisions of 28 U.S.C.A. §§ 1332, 1441 and 1446, Defendant, TARGET CORPORATION, hereby removes to this Court the action filed against it in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, and as grounds for the removal of this action to the United States District Court for the Middle District of Florida, Orlando Division, this Defendant states as follows:

        1.      There is presently pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, the following styled action: Julia Agar, Plaintiff, vs. Target Corporation, a Foreign Corporation, Defendant, bearing Case No.: 2020-CA-445-ON.

2. That on or about May 4, 2020, the Plaintiff, Julia Agar, filed a Complaint for Damages and Demand for Jury Trial in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, a copy of which is attached hereto as Exhibit 1. Defendant, Target Corporation's, Answer to Plaintiff's Complaint and Demand for Jury Trial is attached hereto as Exhibit 2. The Orange County Clerk of Court's Docket for Case No. 2020-CA-004673-O is attached hereto as Exhibit 3. All Other State Court documents are attached hereto as Composite Exhibit 4. The Civil Cover Sheet is attached hereto as Exhibit 5. Said documents are attached to this Notice as required by U.S.C. §1446(a).

3. The Complaint was served on Target Corporation on May 12, 2020. This Removal is being effected within thirty (30) days after service of the Complaint. See 28 U.S.C. §1446(b). Defendant has not waived its right to remove.

4. That this Notice of Removal is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C.A., Section 1332 and 28 U.S.C.A. Section 1441. The matter is between citizens of different states and the amount in controversy, excluding interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000).

5. That at all times material hereto, the Plaintiff in the above-styled action is a resident and citizen of the State of Florida residing in Orange County, Florida. Target is a foreign corporation. For purposes of diversity, the single Defendant has its citizenship in states other than the State of Florida. The Defendant, Target Corporation, is incorporated in the State of Minnesota. The Defendant's, Target Corporation, principal place of business is 1000 Nicollet Mall, Minneapolis, Minnesota 55403. There is complete diversity of citizenship between the Defendant and the Plaintiff.

6. This case is properly removable under 28 U.S.C. §1441(a) since the Court has subject matter jurisdiction under Section 1332(a)(1). The Complaint was served on Target Corporation on May 12, 2020. The amount in controversy in the Complaint is not specified, other than claiming "This is an action for damages which exceeds thirty thousand dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.". The Plaintiff's Complaint also states "As a direct and proximate result of the aforementioned negligence of the Defendant, **TARGET CORPORATION**, the Plaintiff, **JULIA AGAR**, slipped on liquid or other similar substance and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition and further incurred hospital bills, medical bills, and other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, **JULIA AGAR**, will suffer the losses in the future.".

The Civil Cover Sheet filed by the Plaintiff and signed by the Plaintiff's present counsel, Beatriz Tavarez, in State Court (attached hereto as Composite Exhibit 4) lists the Amount of Claim as $120,000.

The Plaintiff served the Defendant with a $575,000.00 Demand Letter dated April 2, 2019 (see Exhibit 6 attached), which states "Julia Agar has suffered permanent injuries to her left knee, back and left shoulder. After conservative therapy failed, Mrs. Agar sought care and pain management due to her worsening pain and injuries. Mrs. Agar was recommended to undergo lumbar steroid injection, left shoulder arthroscopy and L4-S1 decompression." The Plaintiff has produced $14,880.69 in past medical bills (see Exhibit 7 attached). In regards to future medical care, the Plaintiff provided the Defendant a 6/27/2019 office note

3

from Florida Spine & Orthopedics (see Exhibit 8 attached) stating as a result of the subject 8/23/2018 injury, Renato Vesga's, M.D. treatment plan includes:

1. Left shoulder surgery consisting of an arthroscopy with debridement.
2. Lumbar surgery consisting of a lumbar posterior disc decompression at L4-S1.
3. Left knee surgery consisting of a left total knee revision.

The cost of these three surgeries clearly exceeds $75,000 for the surgeon's fees, surgery center fee and follow-up care. Additionally, United States District Judge Roy B. Dalton, Jr. recently noted in a 5/21/2020 Order denying the Plaintiff's Motion to Remand in the case of Donna Justice v. Government Employees Insurance Company, Case No: 6:20-cv-621-Orl-37GJK (see Exhibit 9 attached):

> "The Court has extensive experience from which to ascertain that a multi-level disc herniation in a clear liability automobile accident case (if proven) seeks damages in excess of $75,000. Courts have relied on demand letters and other allegations by Plaintiff to find the amount in controversy requirement is met. See, e.g., Lucas v. USAA Cas. Ins. Co., 716 F. App'x 866, 867 n.1 (11th Cir. 2017). And Defendant has shown Plaintiff could get a judgment of over $75,000 with these types of injuries. (See Doc. 21-4.) Based on the Court's judicial experience and common sense, the Court finds Defendant satisfied its burden. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010)".

Accordingly, the damages sought by Plaintiff are clearly in excess of the $75,000.00 jurisdictional requirement of this Court, and to the best of this Defendant's knowledge, the requisite jurisdictional amount, as provided by 28 U.S.C.A. Section 1441, et seq., and 28 U.S.C.A. 1332, has been met.

7. That venue properly rests with the Middle District of the United States District Court, Orlando Division because this action is being removed from the Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida.

8. This Defendant has filed with the Clerk of Circuit Court, Ninth Judicial Circuit, in and for Orange County, Florida, a true and correct copy of this Notice of Removal pursuant to 28 U.S.C.A. 1446(e). See Exhibit 10 attached.

9. That the undersigned attorney is authorized by Defendant, Target Corporation, to file this Notice of Removal.

10. That the undersigned attorney is licensed in the State of Florida and is authorized to practice in the United States District Court, Middle District of Florida.

WHEREFORE, Defendant, Target Corporation, respectfully requests that this Court assume jurisdiction of this action pursuant to 28 U.S.C.A. §§1332 and 1441.

Dated this 2nd day of June, 2020.

Respectfully submitted,

**JAMES A. COLEMAN, ESQUIRE**
James A. Coleman, P.A.
Florida Bar No.: 0434711
612 East Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone: (407) 219-5799
Facsimile: (407) 219-5788
Trial Counsel for Defendant,
Target Corporation
Emails:   jcoleman@rclawpa.com
          rcunningham@rclawpa.com
          dthompson@rclawpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2020, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send a notice of electronic

filing to the following: Beatriz Tavarez, Esquire, Tavarez Law, P.A., 230 E. Monument Ave, Suite A5, Kissimmee, FL 34741.

*[signature]*

**JAMES A. COLEMAN, ESQUIRE**
James A. Coleman, P.A.
Florida Bar No.: 0434711
612 East Colonial Drive, Suite 250
Orlando, Florida 32803
Telephone: (407) 219-5799
Facsimile: (407) 219-5788
Trial Counsel for Defendant,
Target Corporation
Emails:  jcoleman@rclawpa.com
             rcunningham@rclawpa.com
             dthompson@rclawpa.com